Curia, per Johnston, Ch.
The defendants do not insist, as they might by pleading have done, upon' the conclusiveness of the judgment obtained at law upon the bills accepted by Mr. Stoney; which is very proper on their part, the judgment having been taken subject to the equitable relief sought in this cause.
We are, therefore, to enquire whether Levy, (now represented by his assignee) is entitled to the bills as against the estate of Mr. Stoney, the acceptor.
It appears that Levy acquired possession of them, as the agent of Josephs <fe Co., and not as purchaser in the regular course of trade; and although, as agent, he is entitled to hold them as against Josephs & Co. under a lien for balances due him by his principals, which is all that is decided in the Bank vs. Levy, 1 McM. 431, that does not entitle him to enforce them against the acceptor to a greater extent than is warranted by the rights of his principals.
Coming to their possession in the manner mentioned, the familiar law is, that he holds them subject to all the' equitable defences which could have been urged against Josephs & Co. had they still been theirs.
The true question, therefore, in the. case is, whether the bill now filed could have been sustained against Josephs & Co. and we think it could not.
The circumstances of the case negative the idea of either usury or fraud in the acquisition of the bills by Josephs & Co.
As to usury, the Chancellor has shewn that this yas not a case of loan, but of an exchange of paper; and he has also shewn the bona Jides or equality of the exchange made, by remarks which it is unnecessary to repeat. It may be proper to add, however, that the evidence shews that the exchange was even more advantageous to Dudley & Stnyvesant than the Chancellor apprehended, for it appears that they sold the Josephs’s notes for $37,000, instead of $33,000, as he supposed.
The ground upon which the Chancellor restricts the rights of Josephs & Co. under the bills is, that they have, in fact, paid no more for them than the amount which they paid on their notes to those to whom Dudley & Stuy vesant passed them away.
Our opinion is, that this is a mistaken view of the matter. They gave, as the- consideration of the bills, their own notes, *361 the marketable value of which was at least $37,000, and which realized that amount to those from whom they bought the bills; and which, in the estimation of the Chancellor himself, was the full value of the bills when they bought them.
But without resorting to any other' consideration — supposing the exchange to have been bona fide — it is immaterial whether they have ever paid a dollar on the notes. They made themselves liable to pay, and if they have not paid, the loss is not to Mr. Stoney, but to the holder of the notes. A binding promise is a sufficient consideration in the purchase of bills, as well as in the purchase of any other commodity; and if these parties have not discharged the obligation they incurred, they are, nevertheless, still liable to it.
It is ordered that the bill be dismissed.
The whole court concurred.